CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  *burrow@caldwell-leslie.com*
JEFFREY M. HAMMER, State Bar No. 264232
  *hammer@caldwell-leslie.com*
AMY E. POMERANTZ, State Bar No. 275691
  *pomerantz@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for UNIVERSAL MUSIC CORP., a Delaware corporation; WARNER MUSIC GROUP CORP., a Delaware corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AUTHUR WARREN TAYLOR, an individual; and EBONY LATRICE BATTS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL MUSIC CORPORATION, INC., a Delaware corporation; WARNER MUSIC GROUP, a Delaware corporation; EMI MUSIC PUBLISHING, a corporation; EMI BLACKWOOD, entity status unknown; and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No. CV 13-6412-RGK (AJWx)<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>The Honorable Andrew J. Wistrich<br><br>Trial Date:   November 25, 2014 |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants UNIVERSAL MUSIC CORP. ("UNIVERSAL"), WARNER MUSIC GROUP CORP. ("WARNER") and EMI BLACKWOOD MUSIC INC. ("EMI") and Plaintiffs AUTHUR WARREN TAYLOR and EBONY LATRICE BATTS (the parties shall be referred to collectively as the "Parties"), BY AND THROUGH THEIR UNDERSIGNED COUNSEL OF RECORD, HEREBY STIPULATE AND AGREE TO THE REQUEST FOR, AND ENTRY OF, THE FOLLOWING STIPULATED PROTECTIVE ORDER:

## STATEMENT OF GOOD CAUSE

1. Plaintiffs have brought this copyright action claiming that Defendants Universal, Warner and EMI (collectively, "Defendants") infringed Plaintiffs' alleged copyrights in the musical composition and sound recording of *Ayyy Girl featuring Kanye West* ("*Ayyy Girl*") by copying and distributing those works without permission. To support their defenses to Plaintiffs' claims, Universal, Warner and EMI intend to produce various documents and tangible things in their possession, custody, and/or control including documents relating to Defendants' acquisition of rights in, and distribution of, *Ayyy Girl*, and Defendants' revenues and (if any) profits from that distribution. Some of the aforementioned information is proprietary, commercially sensitive, and private, and would result in competitive harm to Warner, Universal and EMI if disclosed in the music industry at any time.

2. Similarly, in response to Defendants' discovery requests, Plaintiffs will produce certain documents and tangible things in their possession, custody, and/or control including those relating to, *inter alia*, the creation of, licensing, and publishing of *Ayyy Girl*.

3. Each Party considers the aforementioned business and financial information at issue to be proprietary and commercially sensitive. In order to accommodate each side's position and avoid lengthy and expensive litigation over

the issue, the Parties agree that a mutually appropriate protective order will speed the discovery and litigation processes. Therefore, the Parties believe good cause exists for designating such information "Confidential" as defined in Paragraph 6 below.

## PURPOSES AND LIMITATIONS

4. Disclosures, court filings, and discovery activity in this action are likely to involve production of confidential, privileged, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

(a) *Exercise of restraint and care in designating protected material*: Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

(b) *Mass, indiscriminate, or routine designations are prohibited*: Designations should be justified and not made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties). If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

(c) *Filing Under Seal*: The Parties will endeavor to file, when possible, redacted versions of documents containing irrelevant "Confidential" Information, rather than seeking to file the entire document under seal.

**DESIGNATION OF CONFIDENTIAL INFORMATION**

5. Parties and third parties may designate any Document, including answers to interrogatories and requests for admissions, documents obtained by inspection of files or facilities or by production of documents, or any portion of any Document, as well as any Transcript and exhibits thereto, produced or filed in this proceeding, as "Confidential" as long as they contain Confidential Information as defined in Paragraph 6 below.

    a. "Document" shall mean any papers, tapes, documents, disks, diskettes, CDs, DVDs, video or audio files, physical or electronic or digital copies or recordings, and other tangible things produced by any person in connection with this litigation, and shall include, without limitation, all original written, recorded (sound or video) or graphic matters and all non-identical copies thereof.

    b. "Transcript" shall mean any stenographic or verbatim recording of an interview, sworn statement, deposition, or hearing.

6. For purposes of this Stipulated Protective Order, "Confidential Information" shall mean any information that has not been made public and the disclosure of which may cause harm to the person or entity from which the information is obtained, including, but not limited to: (1) revenues earned by the Parties in connection with the sale and/or licensing of the song *Ayyy Girl featuring Kanye West ("Ayyy Girl")*; (2) costs incurred by the Parties in connection with the sale and/or licensing of *Ayyy Girl*; (3) net profits realized by the Parties in connection with the sale and/or licensing of *Ayyy Girl*; (4) license agreements with third parties that include confidentiality provisions; (5) any information otherwise protectable as a trade secret pursuant to Section 3426.1 of the California Civil Code; and (6) any information that either Party reasonably believes is sufficiently competitively sensitive so as to warrant protection under this Stipulated Protective Order.

7. Confidential Information shall be used only for the purpose of litigation of this action and shall not be used for any other purpose whatsoever.

## PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED

8. For purposes of this Stipulated Protective Order, "Qualified Persons" shall mean the following:

    a. Counsel for any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates or of-counsel attorneys.

    b. Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

    c. Any party to this action, including but not limited to any partner, employee or representative thereof, who has, prior to the disclosure of any information designated as Confidential, signed the statement attached hereto as Exhibit "A" (which is to be maintained by counsel of record for that party) attesting to the fact that he or she has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order;

    d. Persons whose depositions are being taken in this action, who have, prior to the commencement of their deposition, signed the statement attached hereto s Exhibit "A" (which is to be made part of the official transcript of that deposition) attesting to the fact that they have reviewed and agreed to be bound by the provisions of this Stipulated Protective Order;

    e. Independent experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial,

provided that disclosure of Confidential Information to such experts or consultants shall be made only on the following conditions:

      i. Prior to any Confidential Information being disclosed to any expert, consultant or witness, counsel of record shall be required to obtain from said expert, consultant or witness a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert, consultant or witness has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

      ii. In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

      f. Outside copy and litigation support vendors, provided they agree to be bound by this Protective Order.

9. Information designated as Confidential may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to Qualified Persons

**METHOD OF DESIGNATING CONFIDENTIAL INFORMATION**

10. The party or third party seeking protection may designate information as "Confidential" by placing or affixing to the Document or Transcript, prior to production, the notation "Confidential." Such designation shall constitute a representation by counsel for the party or third party making the designation that the Document or the Transcript, or any portion thereof so designated, constitutes Confidential Information as defined in Paragraph 2 of this Stipulated Protective Order.

      a. An inadvertent failure to designate an item as Confidential shall not be deemed a waiver of the rights afforded by this Protective Order. A party or

third party that inadvertently fails to mark an item as Confidential at the time of production may thereafter inform the other Parties of the error and designate the item Confidential at that time.  Such designation and notice thereof shall be made in writing, accompanied by substitute copies of any documents appropriately marked as Confidential.  Upon receipt of the substitute copies, the receiving party shall treat the item according to its Confidential designation until further written agreement of the parties or order of the Court.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked items and all copies thereof.  In addition, the receiving party shall make reasonable efforts to recover all non-designated versions of any Document and to notify all receivers of the non-designated versions of the Document.  The designating party may request in writing, and the receiving party shall within 10 days of such a request provide in writing, an identification of all persons not qualified under this Protective Order who have received "Confidential Information" or prior to the time it was so designated.

   b. All items produced prior to the filing and entry of this Stipulated Protective Order may be designated as Confidential within fifteen (15) days of the filing and entry.

  11. If a party wishes to designate testimony or an exhibit as Confidential during the course of a deposition in this action, it shall do so by stating such designation on the record.  Counsel for the party designating the testimony or exhibit as Confidential shall make reasonable arrangements to have only Qualified Persons present during the Confidential testimony and/or presentation, quotation or reference to the Confidential exhibit.  In addition, after a deposition, counsel for any party or non-party may designate a deposition as "Confidential" by serving upon counsel for each party a written list of the specific portions as to which such status is claimed.  Such written list must be served within ten (10) business days after

transmittal to counsel of the transcript of such testimony.

12. When Confidential Information is incorporated into a Transcript of a deposition, arrangements shall be made by the designating Party's counsel with the attending reporter to label "Confidential" those portions of the Transcript containing such Confidential Information and only those portions containing such Confidential Information. Such designated portions of the Transcripts (and all copies thereof) shall thereafter be subject to the same provisions herein as apply to any other Confidential Information.

## TREATMENT OF CONFIDENTIAL INFORMATION

13. The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than Qualified Persons, either during the pendency of this action, or subsequent to its final determination. The Parties and their counsel shall take reasonable precautions to ensure that no unauthorized disclosure of Confidential Information occurs.

14. If a party files papers with the Court that include Confidential Information, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal, pursuant to Central District Local Rule 79-5.1 (the "Application"). No Party shall file any documents with Confidential Information without complying with these procedures and requirements for filing under seal.

15. In the event that this matter proceeds to trial, if any Party seeks to introduce information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Parties shall meet and confer regarding whether and, if so, in what manner such information can be used and presented at trial.

16. Upon the final determination of this action (and all appeals), whether by final non-appealable judgment, settlement or otherwise:

    a. The terms of this Stipulated Protective Order shall be made a

part of any judgment or order of dismissal and shall be binding in perpetuity on all Qualified Persons;

      b.    Counsel of record for each party receiving Confidential Information shall, upon written request by the party that produced the Confidential Information, either assemble and return to the disclosing party all Documents designated as Confidential or shall assemble and destroy all Documents and things containing such Confidential Information, including all summaries or other material containing or disclosing Confidential Information, the destruction of which shall be confirmed in writing to the disclosing party within thirty (30) days of a request for such return or destruction made by the party producing the Confidential Information.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.  However, nothing herein shall require any Party or counsel to disclose to any other Party or counsel any materials protected by the attorney-client privilege or attorney-work product doctrine even if they contain another Party's Confidential Information.  Such materials shall be destroyed, not returned, in response to a request made pursuant to this Paragraph.  In addition, the Parties need not return or destroy materials containing information that was previously designated as Confidential to the extent that such information was made public or publicly available in connection with the trial on this matter.  Also, nothing herein shall preclude counsel of record from maintaining one copy of all Court filings in connection with the action even if they contain Confidential Information, but such counsel of record shall continue to treat such filings containing Confidential Information according to the protections afforded by this Protective Order but only to the extent that such information was not made public or publicly available in connection with the trial on this matter.

## **MISCELLANEOUS PROVISIONS**

17.    If any party desires to seek a modification of this Stipulated Protective

1 Order, the procedure for obtaining a decision from the Court is set forth in Local
2 Rule 37.

3      18.   Inadvertent production by any party of a document containing
4 privileged attorney-client or other privileged communications, attorney work
5 product immunity, or other information not subject to discovery, shall not constitute
6 a waiver of any privilege, immunity or other right not to produce such a document.
7 Any such document and any copies made of it shall be returned to the producing
8 party immediately upon its request.

9      19.   Nothing in this Stipulated Protective Order shall be construed as an
10 admission as to the relevance, authenticity, foundation, or admissibility of any
11 document, material, transcript, or other information that is not otherwise relevant,
12 authenticated, or admissible, or does not possess an adequate foundation.

13      20.   Nothing in this Stipulated Protective Order shall bar or otherwise
14 restrict any attorney herein from rendering legal advice to a party in this case.

15      21.   In the event a dispute arises regarding this Protective Order or the
16 Parties' activities relating to it (including but not limited to, challenging the
17 propriety of specific designations, objecting to a Party's abuse of its ability to
18 designate materials Confidential, seeking the modification of the Protective Order),
19 the Parties shall follow the procedures set forth in Local Rule 37 to resolve the
20 dispute unless otherwise ordered by the Court.  The Party challenging the
21 designations shall treat the materials according to the Confidential designations
22 unless or until the Court orders otherwise.  The Party seeking to enforce the
23 Confidential designations shall have the burden on the motion to prove the legal and
24 factual basis for upholding the designations.  If a Party wants to file under seal the
25 Joint Stipulation required by Local Rule 37, it may file a stipulation to that effect or
26 the Party seeking to file under seal may file an ex parte application making the
27 appropriate request in accordance with Paragraph 10 of this Protective Order.
28

22. This Protective Order creates no presumptions that any particular designations are appropriate or warranted and shall not be relied upon by any Party as the basis for designation of any materials as Confidential.

23. The terms herein are Orders of the Court and not merely recitals, with this document containing the entire Stipulation between the Parties. This Stipulated Protective Order can only be changed or terminated in a writing signed by each of the Parties hereto and/or by an Order of the Court.

By the signature of their undersigned attorneys, the Parties and their counsel stipulate that they will be bound by the foregoing provisions and further stipulate that this Stipulated Protective Order may be signed, filed and entered by the Court.

The Parties have met and conferred in good faith about the scope and terms of this Stipulation for Protective Order.  The Parties have agreed to this Statement of Good Cause for the sole purpose of entering into this Stipulation for Protective Order; the Statement of Good Cause shall be inadmissible for any other purpose.

DATED:   May 27, 2014        CALDWELL LESLIE & PROCTOR, PC

                             By      /s Linda M. Burrow
                                LINDA M. BURROW
                                Attorneys for Defendants UNIVERSAL
                                MUSIC CORP., and WARNER MUSIC
                                GROUP CORP.

DATED:   May 27, 2014        PRYOR CASHMAN LLP

                             By      /s Michael J. Niborski
                                MICHAEL J. NIBORSKI
                                Attorneys for Defendant EMI
                                BLACKWOOD MUSIC INC.

DATED:   May 27, 2014        ONE LLP

                             By      /s D. Burgundy Morgan
                                D. BURGUNDY MORGAN
                                Attorneys for Plaintiffs AUTHUR
                                WARREN TAYLOR and EBONY
                                LATRICE BATTS

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: ___June 4,  2014      _____
                             HON. ANDREW J. WISTRICH
                             **Magistrate Judge, C.D. Cal.**

# EXHIBIT "A"
# ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

This is to certify that I, the undersigned, have read and am fully familiar with the provisions of the Stipulated Protective Order filed and entered in the case *Taylor and Batts v. Universal Music Corp., et al.*, No. CV 13-6412 (hereinafter referred to as the "Stipulated Protective Order").

As a condition precedent to the disclosure to me of any Confidential Information pursuant to the Stipulated Protective Order, or my obtaining any information contained in said material, I hereby agree that the Stipulated Protective Order is binding upon me, and I further agree to keep all such material and information in strictest confidence and otherwise to observe, comply with, and be bound by the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed at _____, this ___ day of _____, 2014.

Signature: _____

Name: _____

Address: _____

_____

Telephone: _____